IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JERONIMO ORTIZ-ILDEFONSO, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>SNC TECHNICAL SERVICES, LLC, *et al.*<br><br>Defendants. | Lead Case: CIVIL NO. 15-1197 (JAG)<br><br>Member Case: CIVIL NO. 15-1217 (JAG)<br><br>Member Case: CIVIL NO. 15-1221 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

    Pending before the Court is co-Defendant Sitnasuak Native Corporation's ("SNC") Motion to Dismiss under Fed. R. Civ. P. 12 (b)(2) and Fed. R. Civ. P. 12 (b)(6). Docket No. 66. Plaintiffs Jeronimo Ortiz-Ildefonso, Angel Rodriguez-Marrero and William Colon-Vazquez (collectively "Plaintiffs") timely opposed the motion. Docket No. 71. SNC filed a reply. Docket No. 76-1. In the consolidated cases, Plaintiffs have alleged claims under the Age Discrimination Act; Title VII of the Civil Rights Act of 1964; § 1981 of the Civil Rights Act of 1966; Puerto Rico Law 100 of June 30, 1959, P.R. Laws Ann. Tit 29, 146 *et seq.*; Puerto Rico Law 115 of December 20, 1991, P.R. Laws Ann. Tit. 29, 194a *et seq.*; Puerto Rico Law 80 of May 30, 1976, P.R. Laws Ann. Tit. 29, 185 *et seq.*; the Puerto Rico Libel and Slander Act; and Articles 1802 and 1803 of the Puerto Rico Civil Code. Docket No. 74.

There are two issues before the Court. The first issue is whether Plaintiffs' claims should be dismissed due to lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The second issue is whether Plaintiffs have been able to successfully state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court holds that, first, Plaintiff has proffered sufficient evidence to make a *prima facie* showing of personal jurisdiction over SNC, and, second, Plaintiff has stated sufficient facts to plausibly state a claim against SNC upon which relief can be granted. Accordingly, the Court DENIES SNC's Motion to Dismiss.

## BACKGROUND

Plaintiffs are all former employees of co-Defendants SNC Technical Services, LLC ("SNC Technical"); SNC Manufacturing, LLC ("SNC Manufacturing"); Aurora Industries, LLC ("Aurora Industries"); API Manufacturing, LLC ("API Manufacturing"); and Sitnasuak Native Corporation ("SNC"), (collectively the "Corporate Defendants"). Docket No. 74 at 1, 41, 80.[1] Plaintiffs allege, in three separate complaints, that the Corporate Defendants, along with several officers of the Corporate Defendants, discriminated against them based on their race, age, and national origin. *Id.*[2] This discrimination ultimately led to the termination of all three Plaintiffs. *Id.* at 14-19.

SNC is the parent company of SNC Technical, SNC Manufacturing, Aurora Industries, and API Manufacturing (collectively the "Subsidiaries"). SNC is organized and incorporated

---

[1] Plaintiffs only state that they worked for "Defendants" on the first page of their respective complaints, without specifying who "Defendants" are. However, Plaintiffs later define "Defendants" as the five companies mentioned above. *Id.* at 2, 42, 81. Thus, this Court will assume Plaintiffs implicate all five companies whenever they mention "Defendants" in their complaints.

[2] Since all of Plaintiffs' claims are based on the same facts, Plaintiffs' individual cases in Civil Docket Nos. 15-1197, 15-1217, and 15-1221 were eventually consolidated into lead case 15-1197.

under the laws of Alaska. Docket No. 74 at 5. The Subsidiaries are companies engaged in the manufacturing of clothing and equipment for the United States military. *Id.* at 4. They are organized under the laws of Delaware and Alaska, but are duly authorized to do business in Puerto Rico and have factories located in Camuy and Orocovis, Puerto Rico. *Id.* They also have a common designated office in Orocovis, Puerto Rico. *Id.*

SNC filed a Motion to Dismiss arguing that the Court lacks personal jurisdiction over SNC because SNC has no contacts in Puerto Rico other than its relationship with the Subsidiaries; and Plaintiffs have not sufficiently shown that SNC controlled the Subsidiaries as a whole or that it controlled the Subsidiaries' activities that allegedly caused the Plaintiffs' injury. Docket No. 66 at 2-4. SNC also argues that Plaintiffs have failed to state a valid claim against SNC. *Id.* at 4-11. Plaintiffs counter that this Court does have personal jurisdiction over SNC because SNC did control the Subsidiaries' businesses, which Plaintiffs contend were "shell companies for SNC." Docket No. 71 at 4-10. Plaintiffs also contend that they have pled sufficient facts to plausibly state all of their claims against SNC. *Id.* at 10-11.

## STANDARD OF REVIEW

**Fed. R. Civ. P. 12(b)(2)**

There are different methods of adjudicating a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The most common method employs a *prima facie* standard. *Boit v. Gar–Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992). Under the *prima facie* standard, the district court determines "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* at 675. The *prima*

*facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record that go beyond the pleadings. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995). Unambiguous facts favorably alleged by the plaintiff are considered true, and construed in the light most favorable to the plaintiffs' jurisdictional claim. *See Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994). A court then takes into consideration and supplements the facts presented by the plaintiff with facts put forward by the defendants, but only to the extent that these facts are uncontroverted. *See Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 23 (1st Cir. 2005); *see also Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

**Fed. R. Civ. P. 12(b)(6)**

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1988). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v.*

*Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

## DISCUSSION

### I. Motion to Dismiss for lack of Personal Jurisdiction

In determining whether a non-resident defendant is subject to its jurisdiction, a federal court must find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause. *See Ticketmaster–New York, Inc.*, 26 F.3d at 204. Puerto Rico's Long Arm Statute states, in pertinent part, that

> (a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:
>
> > (1) Transacted business in Puerto Rico personally or through her agent, or
> >
> > (2) Participated in tortious acts within Puerto Rico personally or through an agent.

32 P.R. Laws Ann. App. III, Rule 4.7(a)(1), (2). The First Circuit has stated on numerous occasions that Puerto Rico's Long Arm Statute permits the exercise of jurisdiction to the full extent of Constitutional Authority. *See, e.g., Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 12 (1st Cir. 1986) (citing *A.H. Thomas Co. v. Superior Court of Puerto Rico*, 98 P.R.R. 864, 870 n.5 (1970)). *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 628 F.2d 652, 668 (1st Cir. 1980); *Vencedor Mfg. Co. v. Gougler Indus., Inc.*, 557 F.2d 886, 889 (1st Cir. 1977). The exercise of personal jurisdiction by

courts in Puerto Rico is therefore "limited only by the due process analysis of *International Shoe* and succeeding cases." *SS Zoe Colocotroni*, 628 F.2d at 668. Accordingly, this Court need only determine whether the exercise of jurisdiction over SNC in the instant case falls within constitutional bounds.

The constitutional test for personal jurisdiction consists of a "minimum contacts inquiry" and a "fairness inquiry." *Marcinkowska v. IMG Worldwide, Inc.*, 342 Fed. App'x 632, 635 (Fed. Cir. 2009) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Specifically, the Due Process Clause of the Constitution requires a court to first determine whether an out-of-state defendant has sufficient "minimum contacts" with the forum, and second, whether the exercise of jurisdiction offends the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The exercise of personal jurisdiction comports with due process "if the defendant purposely avails itself of the privilege of conducting activities within the forum state, such that the defendant should reasonably anticipate being haled into court there." *Marcinkowska*, 342 Fed. App'x at 635 (internal citation and quotation marks omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen*, 444 U.S. at 297)).

Due process does not permit the exercise of personal jurisdiction over a non-resident parent company simply because it has a subsidiary that does business within the forum. *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980) (citing *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)). Instead, to exercise personal jurisdiction over a non-resident parent company with a subsidiary that does business in Puerto Rico, a plaintiff must

show that the parent either "controlled the subsidiary's business as a whole such that it can be said to have carried out business transactions in Puerto Rico . . . or that it engaged in or controlled those activities which plaintiff alleges tortiously caused him injury." *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 616 (1st Cir. 1988).

The Court holds that Plaintiffs have met their burden under the *prima facie* standard to establish that this Court can exert personal jurisdiction over SNC because Plaintiffs have sufficiently shown that SNC "controlled [its Puerto Rico] subsidiary[ies'] business as a whole such that it can be said to have carried out business transactions in Puerto Rico." *See id.* Applying the *prima facie* standard, this Court must consider as true any unambiguous facts favorably alleged by the plaintiff, and construe them in the light most favorable to the plaintiffs' jurisdictional claim. *See Ticketmaster–New York, Inc.*, 26 F.3d at 203. Plaintiffs submitted the unsworn declaration under penalty of perjury of Mr. Thomas Pease, the former CEO for SNC Technical, one of SNC's subsidiaries in Puerto Rico. Docket No. 71-1. Mr. Pease states, *inter alia*, that as SNC Technical's CEO, he had to report directly to SNC's CEO, that SNC's CEO and Board of Directors oversaw all of SNC Technical's operations, that SNC conducted various audits and "controlled all business matters" of all its Puerto Rico subsidiaries, including the "hiring and firing of Senior Level Management." *Id.* Mr. Pease also adds that "the independence of the subsidiaries was practically non-existent." *Id.* Under the *prima facie* standard, this Court considers all of Mr. Pease's factual statements as true.[3] These facts, when taken in the light most

---

[3] SNC attached, in its reply, an unsworn statement under penalty of perjury from the current CEO of SNC Technical, Mr. Humberto Zacapa, wherein Mr. Zacapa refutes most of Mr. Pease's allegations regarding SNC's

Civil No. 15-1197 (JAG) 8

favorable to the plaintiffs' jurisdictional claim, are sufficient to support Plaintiffs' contention that the Subsidiaries that did business in Puerto Rico were essentially shell companies for SNC. This is sufficient to establish that this Court has personal jurisdiction over SNC at this stage.[4]

SNC argues that since Mr. Pease was no longer employed by SNC Technical when the actions alleged in the complaint took place, that he is not the correct person to inform the Court as to the relationship between SNC and its subsidiaries. Docket No. 76-1 at 3-4. Given that at this stage the Court must take all facts in the light most favorable to the plaintiffs' jurisdictional claim, *see Ticketmaster–New York, Inc.*, 26 F.3d at 203, the Court finds it is reasonable to infer that as the recent CEO of SNC Technical, Mr. Pease would be familiar with the relationship between SNC and its Puerto Rico subsidiaries. Even if Mr. Pease is not the person most qualified to attest to this relationship, he certainly has sufficient familiarity to be instructive to the Court at this stage. Thus, Plaintiffs have met their burden under the *prima facie* standard and SNC's Motion to Dismiss under Fed. R. Civ. P. 12 (b)(2), is hereby DENIED.

---

control of its subsidiaries. Docket No. 76-1 at 8-10. In particular, Mr. Zacapa states that he has full authority to run the day-to-day operation of SNC Technical, and that since he has been CEO, SNC Technical and SNC have followed "an ordinary parent-subsidiary relationship." *Id.* However, most of Mr. Zacapa's statements are in conflict with the evidence proffered by Plaintiffs in Mr. Pease's statement. At this stage, the Court must take all of Plaintiffs' favorably alleged facts as true, *see Ticketmaster–New York, Inc.*, 26 F.3d at 203, and accept facts proffered by the defendant, only "to the extent that they are uncontradicted," *Mass. Sch. Of Law at Andover, Inc.*, 142 F.3d at 34. Thus, since Mr. Zacapa's statements are in conflict with Plaintiffs' properly supported facts, the Court does not give credit to Mr. Zacapa's statements at this time.

[4] The Court notes that this finding is by no means final, and that this *prima facie* showing does not relieve Plaintiffs from their ultimate burden of conclusively establishing contested jurisdictional facts. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009); *see also N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 23 (1st Cir. 2005) ("[a] party who has unsuccessfully raised an objection under Rule 12(b)(2) may proceed to trial on the merits without waiving the ability to renew the objection to the court's jurisdiction.") (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed.2004)). Thus, SNC may renew its jurisdictional objection at a later stage.

Case 3:15-cv-01197-JAG-MEL   Document 80   Filed 02/08/16   Page 9 of 9

Civil No. 15-1197 (JAG)                                                                                         9

II.     Motion to Dismiss for Failure to State a Claim

SNC also argues that Plaintiffs have failed to allege sufficient facts to "allow the Court to infer that [SNC] is liable to Plaintiff[s] for any of the alleged [conduct]." Docket No. 66 at 7. This Court disagrees. The Court holds that Plaintiffs have stated sufficient facts to plausibly state all of their claims against SNC. Accordingly, SNC's Motion to Dismiss under Fed. R. Civ. P. 12 (b)(6), is hereby DENIED.

CONCLUSION

For the foregoing reasons, the court DENIES SNC's Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of February, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge